UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Grand Jury Investigations | * <br> * <br> * <br> *    M.B.D. No.15-mc-91012-IT <br> Contract Paralegal Working in the United    * <br> States Attorney's Office, Boston Office    * <br> *    **FILED UNDER SEAL** <br> * |

ORDER

January 22, 2015

The United States seeks the Court's permission to disclose grand jury information to a specific individual working as a contract paralegal in the Office of the United States Attorney ("USAO") for the District of Massachusetts. For the reasons set forth below, the motion is ALLOWED pursuant to Fed. R. Crim P. 6(e)(3)(A)(ii) and this Order.

I. Statement of Facts

According to the United States, the Department of Justice has contracted with CACI, Inc., a private professional agency, to provide administrative support services from CACI, Inc. contractors. This contract requires that CACI, Inc. employees must adhere to all laws, regulations, and DOJ policies, including the grand jury secrecy requirements.

The United States has represented in its moving papers that on or about December 15, 2014, the individual at issue in this motion began working full-time at the USAO as a contract paralegal. She was screened for the position by the USAO and was cleared through the federal security clearance process. She works full-time on-site in the USAO, and during those periods when she is provided access to grand jury materials, she will be directly supervised in the

position by Assistant U.S. Attorneys in Boston and will be subject to the control and direction of those attorneys and their supervisors.

The United States has represented further that the individual has also been directed that she may not communicate the substance of any confidential information or grand jury information to other persons at CACI, Inc., absent express authorization from the Court. Moreover, she does not report the substance of her work to CACI, Inc.

The United States has included a draft letter from the United States to this individual instructing her on her duty not to disclose the grand jury information and her obligation to comply with all United States Department of Justice policies and procedures related to the handling of grand jury material.

## II.   Disclosure of Grand Jury Materials to Government Personnel

Rule 6(e)(3)(A)(ii) of the Federal Rules of Criminal Procedure authorizes the disclosure of matters occurring before a federal grand jury to:

> Any government personnel – including those of a state, state subdivision, Indian tribe, or foreign government – that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law.

Fed. R. Civ. P. 6(e)(3)(A)(ii).

The United States explains that the contract paralegal's duties regarding grand jury materials will include "largely administrative, but critical, functions, such as preparing grand jury subpoenas and exhibits, handling documents received in response to grand jury subpoenas, and reviewing, redacting and photocopying grand jury transcripts." The United States states further that her access to grand jury materials "is essential to the efficient handling of matters occurring before the grand jury" and "is also necessary" to assist Assistant U.S. Attorneys

preparing matters for indictment, discovery, motions, hearings and trials.  On this showing, the Court finds that an attorney for the government considers this individual necessary to assist in performing the duties of the USAO to enforce federal criminal law.

The remaining issue is whether she is "government personnel" under the Rule.  Because the individual is not directly employed by a government, this determination is appropriately made on an individual basis by a court.  See United States v. Pimental, 380 F.3d 575, 590–96 (1st Cir. 2004) (holding that a prosecutor must seek court authorization and make a functional showing that the individual to which information will be disclosed is within the Rule).

Although this individual is not directly employed by the United States, she will be subject to the control and direction of the Assistant U.S. Attorneys in the Boston office, and not to the control and direction of CACI, Inc.  And although she is being paid by CACI, Inc., her employment is entirely funded by the United States pursuant to the contract with CACI, Inc.  On these facts, the Court finds the individual to be "government personnel" for purposes of Rule 6(e)(3)(A)(ii).

III.   Conclusion

For the foregoing reasons, the United States' Ex Parte Petition Pursuant to Fed. R. Crim. P. 6(e) to Disclose Grand Jury Information to a Contract Employee of the United States Attorney's Office [#2] is ALLOWED.

IT IS SO ORDERED.

Date:  January 22, 2015                    /s/ Indira Talwani
                                           United States District Judge